266

*Evans & Evans* and *James B. McDonough,* for appellant.

*Cochran & Arnett,* for appellee.

HUMPHREYS, J. On October 27, 1931, the City National Bank of Ft. Smith, one of the appellants herein, brought suit against the Smith Trading Company of Paris in the chancery court of Logan County, Northern District, to foreclose its pledges and mortgages in the sum of $25,000, deposited with it as collateral by said Smith Trading Company, and to obtain the appointment of a receiver to take charge of the property described in said pledges and mortgages which was not already in the possession of appellant. A part of the property consisted of 105 bales of cotton raised in 1931 on a farm of 320 acres, owned by the estate of Mrs. Ella Stroupe, deceased, wife of Henry Stroupe.

Her administrator, H. T. Fite, intervened in said suit, claiming a landlord's lien for rent in the amount of $2,000 on said cotton. Issue was joined in this suit as to the amount of rent due the administrator for the year 1931.

On October 14, 1931, the Smith Trading Company brought suit against Henry Stroupe in the circuit court of Logan County, Northern District, on a promissory

note for $574, including interest, which was executed to it for supplies on March 9, 1926, by Stroupe. The defense of payment was interposed to this suit, and, by agreement, it was transferred to the chancery court and consolidated with the foreclosure suit.

The cause was submitted upon the issues joined and the testimony adduced by the parties responsive thereto, which resulted in a finding that the amount of rent due was $2,000, and that the Stroupe note had been paid, and a decree in accordance therewith, from which is this appeal.

Four witnesses were introduced who testified as to the amount of rent due for the year 1931.

Rufus Smith, who was a stockholder in the Smith Trading Company, testified, in substance, that the trading company leased the 320-acre tract from the Stroupes in September or October, 1928, for five years, at a rental of $1,500 for 1929, $1,750 for 1930, and $1,800 a year for the next three years, and that it entered into possession thereof and made extensive and valuable improvements thereon with the understanding that a written contract would be drawn up and executed in keeping with the oral agreement; that, in the spring of 1929, he drafted a contract providing for the payment of $1,800 per year for the rents of the last three years and handed it to Stroupe; that this agreement was not signed by either party; that later Stroupe handed him a written lease and copy signed by himself and wife, which he retained, but never signed, which provided for a rental of $2,000 per year for the last three years; that he gave the original to his attorney when this suit was instituted, and prior to that time had given the copy to the manager of the farm; that it paid $1,500 for 1929 and $1,750 for 1930, and owed only $1,800 for 1931. He also denied that he admitted to Tom Fite and Almond Stroupe that it owed $2,000 rent for the year 1931.

Henry Stroupe testified, in substance, that, when Rufus Smith handed him a written contract which he had prepared, he told him it was not in accordance with their

oral contract; that thereafter he had Mr. John Arbuckle draw up a contract and copy providing for the payment of $1,500 for 1929, $1,750 for 1930, and $2,000 per year for the next three years, which he and his wife executed; that he delivered same to Rufus Smith, who accepted it and complied with its terms until its refusal to pay the 1931 rent. When interrogated concerning the whereabouts of the contract prepared and delivered to him by Rufus Smith, he said it was somewhere in his papers.

H. T. Fite testified that he demanded $2,000 for the rent of 1931 from Smith, who did not deny or dispute the amount due, but who stated that, on account of conditions prevailing, he should not be required to pay that much.

Almond Stroupe testified that he assisted the administrator in collecting the rents and the management of his mother's estate, and that in conversation with Rufus Smith he admitted that it owed $2,000 for the rent of the 320-acre tract for the year 1931, but stated that, on account of the price of cotton, they ought to reduce it to $1,500.

Three witnesses testified relative to the payment of the Stroupe note.

Henry Stroupe testified, in substance, that Rufus Smith owed him rent on his upper place, amounting to some more than the note he owed Rufus Smith, and that in the month of February, 1930, they had an agreement in the store of the Smith Trading Company that they would offset one against the other, and that Rufus Smith told him he would hand him the note later as he was in a hurry to go to the bottom farm; that nothing more was said about it until some three years later, when this suit was brought; that no request or demand was ever made upon him for the payment of the note after the settlement.

Tom Fite testified, in substance, that he was doing some collecting for Henry Stroupe in 1930, and that he attempted to collect the rents Rufus Smith owed Stroupe

on the upper place; that Smith said to him he would like to talk the matter over with Stroupe, and that they subsequently met at the store, and that, after conversing about the matter, it was agreed between them that they would offset the note against the rent; that the proposal to do so was made by Stroupe and accepted by Smith, and that Smith said he would look up the note and hand it to him later, as he was then in a hurry to go to the bottom farm.

Rufus Smith testified, in substance, that no such settlement was made as detailed by Stroupe and Fite; that he owed Stroupe nothing in 1930 for rents on his upper place; that he never asked Stroupe to pay the note because Austin Smith had charge of the store and notes; that it was his business to look after the farms, and Austin's business to look after the store and notes.

(1)   Upon the rent issue, there is no dispute as to the term of the lease nor the amount of rents to be paid the first and second years, nor that Rufus Smith entered into the possession of the land and made improvements thereon contemplated by the parties, nor that the oral contract of lease should be reduced to writing and executed at a later date, nor that Rufus Smith paid the rent for the first two years and continued to operate and cultivate the farm, nor that during the third year he planted, cultivated and picked 105 bales of cotton, part of which was in the possession of appellant bank and part in the possession of Smith Trading Company. The only dispute in the testimony is as to the amount of rent to be paid by the Smith Trading Company for the use of the farm for the year 1931.

Stroupe testified that the trading company was to pay $2,000, and Smith that it was to pay $1,800 rent for that year, and Stroupe is corroborated by his son and Fite. The finding of the chancellor that $2,000 was due for rent for the year 1931 is supported by the weight of the evidence.

The contention of appellant that the oral contract was void under the statute of frauds is not tenable, if

for no other reason, because the lease contract was partially performed. The lessee entered into possession of the farm, made valuable improvements thereon, and had planted, cultivated and gathered the cotton crop the third year at the time this suit was instituted, and, under these circumstances, the lessee was bound to pay the amount of rent agreed upon. Having concluded that the oral contract is binding, it is unnecessary to determine whether the oral contract was supplanted by the written lease executed by Stroupe and delivered to the lessee.

Relative to the issue of payment of the Stroupe note, we cannot say that the finding of the chancellor is contrary to the weight of the evidence. The settlement is supported by two witnesses as against one, and the fact that three years elapsed between the settlement and the institution of the suit without any demand being made upon Stroupe for payment is a potent circumstance in corroboration of the evidence of the two.

No error appearing, the decree is affirmed.

Opinion delivered October 17, 1932.